```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   WESTERN DISTRICT OF MISSOURI
                          WESTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )
                               )  Criminal Action No.
       v.                      )  08-00014-01-CR-W-FJG
                               )
SERGIO DAHER-REY,              )
                               )
            Defendant.         )
```

**REPORT AND RECOMMENDATION**

On June 9, 2008, defense counsel filed a motion for judicial determination of mental competency. After undergoing examinations, defendant was found not competent on December 30, 2008. Defendant underwent treatment, further examinations, and further hearings. After considering all of the evidence, I find that defendant remains incompetent to stand trial.

*I.  BACKGROUND*

On January 23, 2008, a criminal complaint was filed charging defendant with possession with intent to distribute methamphetamine. After a detention hearing on January 28, 2008, defendant was detained without bond. An indictment was returned on February 1, 2008, charging defendant with the drug count and one count of possessing a firearm while in the United States illegally, and one count of carrying a firearm in relation to a drug trafficking offense.

Defendant was set for a change of plea hearing on June 12, 2008. On June 9, 2008, defendant filed a motion for judicial

determination of mental competency, and the change of plea hearing was canceled. Defendant was examined and, after a hearing, he was found not competent to proceed. Defendant was committed to the Federal Medical Facility at Butler, North Carolina, for treatment.

On July 13, 2009, I held a competency hearing to determine whether defendant's competence had been restored. The hearing reconvened on August 10, 2009, so that an examining psychologist could testify. Defense counsel requested an additional continuance of the hearing to allow for additional psychological testing. The third portion of the competency hearing was on November 24, 2009, during which yet another psychologist testified.

In addition to the evidence generated before defendant was originally found incompetent, before the court on this matter are: (1) a psychological report by Christina Pietz, Ph.D., dated July 8, 2009; (2) the transcript of a competency hearing held on July 13, 2009; (3) the transcript of a competency hearing held on August 10, 2009, during which Dr. Pietz testified, treatment records from the medical center were admitted, and a report from Dr. Jason Dana was admitted; and (4) the transcript of a competency hearing held on November 24, 2009, during which Jeanette Simmons, Psy.D., testified.

## II. FINDINGS OF FACT

Because there has been a disagreement among the witnesses in this case as to whether defendant is competent to proceed, I will outline the facts which I consider dispositive of the issue, rather than reciting the entire history of defendant's mental health issues and treatment.

Dr. Pietz, who offered the opinion that defendant's competency has been restored, testified that defendant continues to have delusions that he has a chip in his brain that was surgically implanted at the direction of police officers. She testified that defendant reported to her that the chip was no longer working because the battery was dead; therefore, although he continued to have these delusions, the delusions were "non-factors" because they did not interfere with his ability to assist in his defense. Dr. Pietz did not talk to defendant about whether the chip impacted his confession, because defendant denied having made a confession. She concluded that the delusion that he has a chip in his brain does not have an affect on him because she and others have observed defendant saying the chip does not have an affect on him. Defendant has never been treated for this delusional symptom of mental illness. Dr. Pietz agreed that believing one has a chip in his head which was placed there at the direction of the police would cause one to distrust the police and possibly believe the police made up evidence such as a

confession. Dr. Pietz also agreed that these beliefs could affect defendant's ability to evaluate the evidence in his case. Dr. Pietz does not believe that defendant is malingering.

During the August 10, 2009, competency hearing, defendant asked the court to order x-rays of his head to prove that the chip is in his brain. Defendant has denied, to every examining doctor, that he suffers from any mental illness.

Defendant told Dr. Jeanette Simmons that he was arrested in 2006 and sustained a cut over his eye during that incident. He was in the hospital from about 11:00 p.m. until 7:00 the following morning. About six months later he began hearing voices. He believed a machine had been implanted in his head, but someone in Chicago where he was incarcerated explained to him that it was a chip, rather than a machine, that was in his head. Defendant told Dr. Simmons that with regard to the evidence against him, the police are lying.

Dr. Simmons testified that defendant is not able to discuss his case without talking about the chip in his head, and that he wants to focus on the chip rather than the evidence in his case. She believes his delusions affect his ability to evaluate the evidence and discuss the evidence with his attorney because of his focus on the chip he believes was inserted in his brain. Defendant believes that the prosecutor's office and the defense attorneys have a list of individuals who have had chips

4

implanted, and that the prosecutor and the defense attorney communicate via hand signals during court proceedings. These delusions affect defendant's ability to trust his attorney (and indeed he has filed pro se motions requesting a new attorney) and to discuss his case with his attorney. Defendant does not believe he can get a fair trial because he believes everyone in the legal system is aware of his chip and does not want to address it. Defendant believes the prosecutor, the defense attorney, and the court are attempting to cover up the fact that the chip was placed in his head and that is why he is being prosecuted with evidence generated by the police. Dr. Simmons does not believe defendant is malingering.

Defendant has been diagnosed with delusional disorder by Dr. Pietz, Dr. Dana, and Dr. Simmons. Defendant told all of these doctors that he was not suffering from a mental illness, and that he was ready to move on and go to court. Dr. Dana noted in his report that defendant becomes fixated on the chip in his head, and that negatively affects his ability to evaluate his case and interact with his attorney.

Dr. Pietz found that defendant is competent to proceed, although he continues to suffer from delusional disorder. She testified, however, that his delusions would affect his ability to evaluate the evidence in his case. Dr. Simmons found that defendant is not competent to understand the proceedings against

him or assist in his defense.  Dr. Dana found that defendant is not competent to understand the proceedings against him or assist in his defense.

### *III. CONCLUSION*

Based on the evidence before me, I find that the defendant is not competent to stand trial and to assist in his defense. Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and applicable law, enter an order finding defendant incompetent to stand trial and to assist in his defense.  It is further

RECOMMENDED that the court commit defendant to the custody of the Attorney General for hospitalization and treatment pursuant to 18 U.S.C. § 4241(d).

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
December 17, 2009